**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**PETER ROMANS,**

      **Plaintiff,**

                                       **Civil Action 2:16-cv-68**

   **v.**                                   **Judge Michael H. Watson**

                                       **Magistrate Judge Jolson**

**FORD MOTOR COMPANY,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Discovery (Doc. 84) and Motion for Leave to File Response to Sur-reply Instanter (Doc. 100).  For the reasons that follow, Plaintiff's Motion for Discovery (Doc. 84) is **GRANTED**.  Given this disposition, Plaintiff's Motion for Leave to File Response to Sur-reply Instanter (Doc. 100) is **DENIED as moot.**

## I.    BACKGROUND

Plaintiff Peter Romans brings this products liability suit against Defendant Ford Motor Company on behalf of himself and as administrator of the estates of his deceased wife and children. (*See generally* Doc. 1).  Elsewhere, the Court has summarized the factual and procedural history of this case:

> At approximately midnight on April 5, 2008, Plaintiff, Billi, Ami, and Caleb were asleep in their home. The family's 2001 Ford Expedition was parked in a carport attached to the home. A fire started in the Expedition and spread to the carport and home. Plaintiff survived, but, tragically, Billi, Ami, and Caleb perished in the fire. [] Plaintiff contends the fire started from a problem with the Speed Control Deactivation Switch ("SCDS") in the Expedition, which was the subject of a recall effort beginning in 2005. Defendant contends the fire was a result of arson.
>
> Plaintiff initially filed suit against Defendant in the Madison County Court of Common Pleas. Plaintiff later filed another suit in the same court against Sensata, the manufacturer of the SCDS, and Bridgestone, which had serviced the Expedition

several weeks before the fire. Those actions were consolidated. The Common Pleas court granted Sensata's and Bridgestone's motions for summary judgment and denied Defendant's motion. Plaintiff appealed the grant of summary judgment in favor of Sensata and Bridgestone, but the Court of Appeals for the Twelfth District affirmed. *Romans v. Texas Instruments, Inc.*, 12th Dist. Madison No. CA2013-04-012, 2013-0hio-2089. Plaintiff then dismissed his claims against Defendant and eventually re-filed them in this Court [].

(Doc. 71 at 2).

After Plaintiff re-filed in this Court, the Court set a trial date for November 27, 2017. (Doc. 13). But that date was vacated following Judge Graham's recusal. (Doc. 68). In the interim, Defendant filed two Motions for Partial Summary Judgment (Doc. 23, 24). Following resolutions of the motions (Doc. 71), the Court set a trial date for September 23, 2019 (Doc. 76), which was later continued until October 7, 2019 (Docs. 77, 78). Just when it seemed this matter would finally progress to trial, Plaintiff was arrested and charged with arson and aggravated murder in July 2019. (Doc. 80). At that point, the Court stayed all further proceedings. (Doc. 82).

The case sat dormant for more than a year until Plaintiff was acquitted of all charges in October 2020. (Doc. 83). Believing the case could resume, the Court held a status conference on November 18, 2020. (Doc. 88). During that conference, Plaintiff's position was made clear that he would be seeking additional discovery. Consistent with that representation, Plaintiff filed the instant Motion for Discovery. (Doc. 84). Shortly thereafter, Defendant filed its Opposition (Doc. 89) and Plaintiff filed his Reply (Doc. 91). Yet, the Court postponed ruling on Plaintiff's Motion as Defendant had requested leave to obtain the transcripts from Plaintiff's criminal case and to file a supplemental brief. (Doc. 92, 93). That took some time, and Defendant filed its supplemental brief on April 7, 2021. (Doc. 99). Accordingly, Plaintiff's Motion for Discovery is now ripe for review. Additionally, Plaintiff moved for leave to file a sur-reply instanter. (Doc. 100).

## II.     DISCUSSION

Plaintiff asks the Court "to authorize limited discovery relevant to the core issues in this case, including, among other matters, Defendant Ford's apparent attempt to use the State of Ohio's powers of criminal prosecution to avoid civil liability for the killing of Plaintiff's family." (Doc. 84 at 3). Because discovery closed long ago (*see* Doc. 10), Plaintiff must satisfy Rule 16(b)(4) of the Federal Rules of Civil Procedure in order to pursue discovery.

Rule 16(b)(4) provides that a court may modify a scheduling order for good cause. When a party requests to reopen discovery, the following factors matter: "[W]hether there exists good cause to reopen discovery, whether the need for additional discovery is due to the movant's neglect, and whether there exist other persuasive reasons (such as prejudice to the non-moving party) not to reopen discovery." *Brock v. Harrison*, No. 2:14-cv-0323, 2015 WL 6561723, at *1 (S.D. Ohio Oct. 20, 2015) (citing *Morgan v. Gandalf, Ltd.*, 165 F. Appx. 425, 431 (6th Cir. 2006)); *see also U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, No. C-3-06-371, 2008 WL 2977891, at *11 (S.D. Ohio July 29, 2008) ("The party seeking to reopen discovery must indicate to the court the need for more discovery, what material facts it hopes to uncover and why it has not previously discovered the information."). The Sixth Circuit has emphasized that "[t]he overarching inquiry in these overlapping factors is whether the moving party was diligent" while discovery was ongoing. *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014); *see also Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

Applying those factors here, Plaintiff has shown good cause to reopen discovery for the limited purpose of inquiring into Defendant's involvement in the State's criminal prosecution of Plaintiff. The proposed discovery is relevant and specifically defined; Plaintiff has exercised due diligence in seeking the discovery; and Defendant will suffer little to no prejudice if discovery is

3

reopened.  *See U.S. Diamond & Gold*, 2008 WL 2977891, at *11 (recognizing good cause, neglect, specificity, relevance, and prejudice as factors courts consider when determining whether to reopen discovery).

### A. Relevance and Specificity

First, the Court finds that the additional, limited discovery Plaintiff seeks is both relevant and sufficiently defined.  (*See generally* Doc. 84).

The Federal Rules establish that evidence is relevant where it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Plaintiff casts the sought after discovery as "relevant and important" not only to his case-in-chief but also to the defenses raised.  (Doc. 91 at 4–6).  For instance, Plaintiff seeks evidence that Defendant supplied the State with information to support Plaintiff's criminal prosecution.  Plaintiff says such evidence would be relevant not only to his design defect and failure to warn claims, but also to Defendant's defenses—especially if that evidence is relevant to the SCDS.  (*See* Doc. 5 at 16 (asserting multiple defenses, each of which alleges that something other than the SCDS was the cause of the fire)); *see also* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.").  Defendant responds that any such accusations about collusion are baseless, but that is an argument for the merits, not a reason to prohibit discovery.

Further, Plaintiff has identified the discovery sought with sufficient specificity.  Plaintiff seeks "written discovery requests, document subpoenas on [Defendant]'s experts, and [] an updated privilege log from [Defendant]'s counsel related to [its] involvement and communications with the State, and any and all meetings [Defendant] had with the State."  (Doc. 91 at 4).  Despite

4

Defendant's contentions otherwise (*see* Doc. 89 at 9), Plaintiff is not conducting a "fishing expedition" here, and the limited discovery described above is "proportional to the needs of the case." Fed. R. Civ. P. 26(b).  Nor is this an instance where the moving party is seeking sweeping, "extensive relief."  *See Fenley v. Wood Grp. Mustang, Inc.*, No. 2:15-cv-326, 2018 WL 504373, at *7 (S.D. Ohio Oct. 7, 2018) (denying a motion to reopen discovery where "[d]iscovery has been closed for a considerable length of time" and the moving party sought "extensive relief").  At base, these initial considerations—the relevancy and specificity of the proposed discovery—weigh in favor of Plaintiff's request.

### B.  Due Diligence

The next factor, labeled as "overarching" by the Circuit, asks whether the moving party was diligent while discovery was ongoing. *Marie*, 771 F.3d at 366.  The parties hotly contest this factor.  At base, Defendant says that  Plaintiff knew all along that Defendant was cooperating with the State so any discovery request could have been—and should have been—made long ago.  (Doc. 89 at 11 ("Plaintiff cannot show he acted with due diligence because, after receiving information regarding the [discovery he seeks], he did nothing.")).

Plaintiff counters that while he generally knew that Defendant was responding to the State's subpoenas (Doc. 91 at 2), it was not until much later that he learned of meetings between the State and Defendant.  (*Id.* at 3).  And, when he did learn of the meetings during the course of his criminal case, Plaintiff says he could not move for discovery in this case because of the stay.  (Doc. 94 at 7–8 ("As soon as practicable after the Court lifted the stay following Plaintiff's acquittal, [he] moved for leave to reopen discovery.")).

On balance, the Court concludes that Plaintiff has been diligent enough.  As detailed above, this case was stayed following Plaintiff's arrest.  The record illustrates that Plaintiff learned of the

"meetings and information exchanges between [Defendant] and the State" after his arrest in July 2019, not earlier. (Docs. 84, 91). And, "[h]ad such information been available during the discovery period, it would have been discoverable under Rule 26(b)(1) as information that is reasonably calculated to lead to the discovery of admissible evidence." *Brock*, 2015 WL 6561723, at *1 (finding good cause to reopen discovery where "[t]he information [sought] . . . was not available until after the discovery period closed").

Given this timeline, as well as the scope of Plaintiff's request, the Court is satisfied that he exercised due diligence during the initial discovery period, and Plaintiff seeks this additional discovery only due to newly discovered facts from his criminal prosecution. *Cf. Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1197 (6th Cir. 1995) (holding that movant did not exercise sufficient due diligence because it had knowledge of the specific evidence before the discovery deadline and knew of the need for that type of evidence much earlier in discovery).

### C. Prejudice

Finally, the Court finds that Defendant will suffer little to no prejudice should discovery be reopened for this slight purpose. Defendant argues that granting Plaintiff's request would be "unfairly prejudicial," and "[t]his prejudice is compounded by the limited time before the Court's planned trial date in this matter." (Doc. 89 at 18).

The Court is unconvinced that production of the discovery sought will prejudice Defendant. Indeed, Defendant has represented to the Court that Plaintiff's discovery requests are "baseless." (*Id*. at 2). So it seems unlikely that production would be "burdensome" and "prejudicial." (*Id*. at 2, 18). More importantly, given the confines of Plaintiff's request, this is not a situation where the additional discovery would create a "logistical nightmare" to Defendant's detriment. *See Fenley*, 2018 WL 504373, at *7 (denying a motion to reopen discovery where "the sheer scope of [the]

proposed discovery coupled with the requisite time, expense, and effort of facilitating [it] makes reopening discovery highly prejudicial").

Still, the Court is cognizant of Defendant's scheduling concerns.  So the Court sets the following parameters to protect the approaching June 2021 trial date.  (Doc. 84 at 1).  The parties must confer and propose a discovery plan for the Undersigned's consideration by **April 23, 2021**. And, under all circumstances, the discovery shall be completed by **May 24, 2021**.

***

In sum, the Court finds that Plaintiff has shown good cause for reopening discovery for the limited purpose of inquiring into Defendants' involvement in the State's criminal prosecution of Plaintiff.  As illustrated, the limited discovery Plaintiff seeks is relevant and specifically defined; Plaintiff has exercised due diligence in seeking the discovery; and Defendant will suffer little to no prejudice if discovery is reopened.

## III.  CONLUSION

For the foregoing reasons, Plaintiff's Motion for Discovery (Doc. 84) is **GRANTED**.  The parties must confer and propose a discovery plan for the Undersigned's consideration by **April 23, 2021**.  And, under all circumstances, the discovery shall be completed by **May 24, 2021**.  Given this disposition, Plaintiff's Motion for Leave to File Response to Sur-reply Instanter (Doc. 100) is **DENIED as moot.**

IT IS SO ORDERED.


Date:  April 16, 2021                          /s/ Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE