**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Peter Romans,
    Individually and as Administrator
    of the Estates of Billi, Ami, and
    Caleb Romans,

                    Plaintiff,

    v.

Ford Motor Company,

                    Defendant.

Case No. 2:16-cv-68
Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

At issue is whether a group of documents that Ford produced to National

Highway Traffic Safety Administration ("NHTSA") qualify as Ford's business

records. Plaintiff argues that the documents are admissible as Ford's business

records, whereas Ford contends they are not.

The parties have not submitted the group of at-issue documents to the

Court. Nonetheless, the parties agree that, generally, the group contains

documents that Ford did not create but that Ford possessed and produced to

NHTSA during a NHTSA investigation. The parties also agree that the contested

issue is a legal one: are documents contained within Ford's files business

records admissible for the truth of the matter asserted therein under Federal Rule

of Evidence 803(6) because they were retained by Ford and turned over to NHTSA?

The answer is no.

Pursuant to Federal Rule of Evidence 803(6), a business record must have been: (a) made at or near the time by, or from information transmitted by, a person with knowledge; (b) kept in the course of a regularly conducted business activity; and (c) made as part of a regular practice of the business.

*United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019) (citing Fed. R. Civ. P. 803(6)). "The theory behind the admissibility of such business records as an exception to the general rule prohibiting admission of hearsay is that reports and documents prepared in the ordinary course of business are generally presumed to be reliable and trustworthy." *Fifth Third Bancorp & Subsidiaries v. United States*, No. 1:05-cv-350, 2008 WL 11351544, at *3 (S.D. Ohio Mar. 28, 2008) (citations omitted). Documents falling under the business records exception "are viewed as unusually reliable because they are created through systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make an accurate record as part of a continuing job or occupation." *Id.* (citations omitted).

Ford's mere retention of documents that it received from others, and its eventual production of those retained documents to NHTSA, does not transform those documents into Ford's business records.

Plaintiff correctly asserts "that Rule 803(6) does not require that the document actually be prepared by the business entity proffering the document," but the documents "should have other assurances of reliability." *Fambrough v. Wal-Mart Stores, Inc.*, 611 F. App'x 322, 329 (6th Cir. 2015) (internal quotation marks omitted) (quoting *Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1343 (Fed. Cir. 1999) (the case law "stress[es] two factors, indicating reliability . . . . The first factor is that the incorporating business rely upon the accuracy of the document incorporated and the second is that there are other circumstances indicating the trustworthiness of the document.")); *see also Gerling & Assocs. v. Gearhouse Broad. Pty*, No. 2:10-cv-1074, 2013 U.S. Dist. LEXIS 160165, at *15 (S.D. Ohio Nov. 8, 2013) ("The courts admitting third party documents as business records of the offering party rely heavily on two factors: (1) that the party keeping the business record relies on the accuracy of the document and (2) other circumstances demonstrate the trustworthiness of the document.").

Here, there does not appear to be a dispute that Ford retained many third-party documents, but there are insufficient assurances of reliability to permit admission of the same. For starters, Plaintiff has not demonstrated that Ford relies upon the accuracy of these documents as part of its day-to-day business. The primary case relied upon by Plaintiff makes clear that this is fatal to admitting the documents as business records. In *Fambrough*, the company maintaining the documents—not the opposing party as in this case—sought to have them

admitted as business records.  While the Sixth Circuit found that the offering party had potentially established that the records were made and kept in the ordinary course of business, it did not offer testimony establishing that it was the regular practice of the business to "ask for and/or receive and rely upon [the] documents in the ordinary course of business." *Fambrough*, 611 F. App'x at 327. Therefore, the documents were not properly admitted as business records.  The same flaw defeats application of the business records exception to the documents as described by the parties.

Plaintiff's contrary position essentially amounts to an argument that every document contained in the files of a party are that party's business records, but the exception is not so broad.  *E.g.*, *Daneshvar*, 925 F.3d at 777 ("[I]t would be insufficient to survive a hearsay challenge simply to say that since a business keeps and receives emails, then *ergo* all those e-mails are business records falling with[in] the ambit of Rule 803(6)(B)." (citations omitted)); *Applebaum v. Target Corp.*, 831 F.3d 740, 744 (6th Cir. 2016) ("Placing [entity one's] replies into a[n entity two] case file does not transform them into [entity two's] business records."); *Fifth Third Bancorp & Subsidiaries*, No. 1:05-cv-350, 2008 WL 11351544, at * 3 ("Not every document or item of business correspondence contained in a file constitutes a business record. . . . [T]he mere presence of a document in the retained files of a business entity does not by itself qualify the document as a business record." (citations omitted)).

Finally, the fact that Ford produced these documents as discovery responses in this litigation or in response to a NHTSA investigation changes nothing. Ford's obligation to store and produce documents related to potential malfunctions with Ford vehicles is not the same as a requirement that Ford attest to the truth of every report from a parts supplier or consumer complaint. It is true that Ford represented to NHTSA that it "made every effort to provide thorough and accurate information," Pl. Brief Ex. D, ECF No. 188-4, but that simply reflects that Ford was turning over all of the required information—it does not act as verification by Ford of every fact asserted in the documents it turned over.

Based on the description of the documents provided by the parties, the Court does not conclude that the documents amount to Ford's business records and are therefore admissible for the truth of the matter asserted. Plaintiff argues the documents are separately admissible as public records, and the Court will address that contention in a separate Opinion and Order.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**