UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Peter Romans,
    Individually and as Administrator
    of the Estates of Billi, Ami, and
    Caleb Romans,

                Plaintiff,

v.

Ford Motor Company,

                Defendant.

Case No. 2:16-cv-68
Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

At issue is whether all documents contained on the National Highway Traffic Safety Administration ("NHTSA") website associated with the March 22, 2005 Engine Compartment Fires investigation (NHTSA Action Number EA05005) qualify as public records. Plaintiff argues that all such documents are public records under Federal Rule of Evidence 803(8), admissible for the truth of the matter asserted therein.[1] Ford argues that only the final NHTSA report is a public record for purposes of the hearsay exception.

The Court agrees with Ford. A record or statement of a public office that sets out "factual findings from a legally authorized investigation" is admissible as a public

---

[1] Although Plaintiff's letter brief argues only that the public records exception covers the documents Ford turned over to NHTSA during NHTSA's investigation, Plaintiff argued in an informal email between the Court and opposing counsel that the entire NHTSA file (which contained documents in addition to Ford's response) fell under the public records exception.

record if "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8).

Plaintiff offers no authority for his proposition that the documents submitted to NHTSA by various entities during NHTSA's investigation qualify as a "record or statement" of NHTSA or that those documents set out NHTSA's "factual findings." Although the final report is NHTSA's "statement" that sets out the factual findings from NHTSA's investigation, the underlying materials are not. *E.g., May v. Ford Motor Co.*, No. 09-165-GFVT, 2011 WL 13234172, at *3 n.2 (E.D. Ky. Feb. 4, 2011) ("NHTSA and/or Ford compilations of unknown third party complaints about certain vehicles generally do not meet any exception to the hearsay rule and are therefore inadmissible."). The underlying materials, therefore, are not public records admissible for the truth of the matters asserted therein under Rule 803(8) simply because they are available on NHTSA's website along with NHTSA's report.

This finding comports with the way other courts have construed Rule 803(8). *Cf. Smith v. Isuzu Motors Ltd.*, 137 F.3d 859, 862 (5th Cir. 1998) ("[I]f memoranda reflecting the preliminary opinions of [NHTSA] agency staff members were admissible under Rule 803(8)(A), then Rule 803(8)(C)'s[2] limitations would be meaningless."); *In re September 11 Litig.*, 621 F. Supp. 2d 131, 155 (S.D.N.Y. 2009) (Staff Monographs and Staff Statements that were interim reports to the 9/11 Commission "d[id] not satisfy the criteria of Rule 803(8)(C), which permits only reports that 'set forth . . . factual findings' by ''public agencies.''" (citations omitted));

---

[2] The Federal Rules of Evidence were restyled in 2011 which resulted in subsection (C) being eliminated.

*Green Mountain Chrysler Plymouth Dodge Jeep v. Crombie*, Nos. 2:05-CV-302, 2:05-CV-304, 2007 WL 1601518, at *2 (D. Vt. June 4, 2007) (finding documents transmitted by NHTSA to the House Energy and Commerce Committee are not public records because "they do not appear to be either records of the agency's activities, records of matters observed pursuant to duty imposed by law, or factual findings resulting from an investigation.").

Additionally, not all portions of a public record are automatically admissible. "A statement recorded in a public record made by an individual with no business duty to report is considered hearsay-within-hearsay and is excluded, unless it satisfies some other hearsay exception." *In re September 11 Litig.*, 621 F. Supp. 2d at 157 (citation omitted). This is another reason the Court cannot make a blanket finding of admissibility for all documents associated with the NHTSA investigation. Even if those documents qualified as public records, there may be portions that would nonetheless be excluded as hearsay unless another exception applied.

Accordingly, the Court rejects Plaintiff's broad assertion that any document available on the NHTSA website that was produced to NHSTA during its investigation is necessarily a public record admissible under Rule 803(8) for the truth of the matter asserted therein.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**