UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Peter Romans,
Individually and as Administrator
of the Estates of Billi, Ami, and
Caleb Romans,

        Plaintiff,

v.

Ford Motor Company,

        Defendants.

Case No. 2:16-cv-68

Judge Michael H. Watson

Magistrate Judge Jolson

## ORDER

Plaintiff re-submitted his designations of Fred Porter's deposition testimony to be used at trial. Notice, ECF No. 197. Defendant objected. ECF Nos. 207, 208, 209. Many of Defendant's objections were based on the hearsay rules or lack of foundation. *Id.* Where the Court sustains Defendant's objection even though a designated portion is not hearsay (or meets a hearsay exception) and an adequate foundation is laid, it does so under Federal Rule of Evidence 403. The Court's *in limine* rulings are attached as exhibits to this Opinion and Order.

IT IS SO ORDERED.

                                            _/s/ Michael H. Watson_
                                            MICHAEL H. WATSON, JUDGE
                                            UNITED STATES DISTRICT COURT

FILED
RICHARD W. NAGEL
CLERK OF COURT

2021 JUN 30 AM 8: 44

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**EXHIBIT A**
Fred Porter, November 15, 2000

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULLING |
|---|---|---|---|---|
| 5:11 – 11:19 | 5:11 – 11:19 | 99S15/Panther. See above and specific concerns below. | | **OVERRULED** |
| 5:11 – 11:19 | 5:23 – 6:3 | The deposition was taken in 2000—approximately 18 months after Recall 99S15 was initiated but years before the first reported fire or NHTSA investigation related Recall 05S28. However, the question generally refers to Mr. Porter's role with the "group that was to determine what the root cause is or was of the switches that were causing fires." Given the timing of the deposition—and the full scope of vehicle and recall evidence apparently to be admitted at trial—this testimony, here and later in the deposition, will cause confusion and unfair prejudice. Further, given the timing, Ford's counsel had no reason or basis to clarify the scope of the question—i.e., at that time, "switch fires" meant the early build Panther platform vehicles. | | **OVERRULED** |
| 5:11 – 11:19 | 6:4 - 6:9 | Refers to "defects in the switches." Again, given the timing, this question and answer is confusing—at the time, it would have been clear that it referred to the investigation related to 99S15. And, again, Ford's counsel had no reason or basis to clarify the scope of the question and answer—i.e., at that time, "defects in the switches" meant the early build Panther platform vehicles. | | **OVERRULED** |

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULING |
|---|---|---|---|---|
| 5:11 – 11:19 | 6:14 - 6:19 | Refers to "root cause" and "fires" but no reference to limitation to Panther platform/Lincoln Town Cars and necessarily suggests other incidents without a showing of substantial similarity. | | OVERRULED |
| 5:11 – 11:19 | 6:20 - 7:5 | Refers to "field returns" and "trend data" to support conclusion regarding root cause in "fires in Town Car." This testimony is directionally more clear regarding the relevant "fires," but it does not clearly identify model years—or even state only Town Cars were at issue. And, again, counsel had no reason to clarify or object given the timing of the deposition. | | OVERRULED |
| | 8:1 – 8:5 | Answer "never able to determine exactly how much power was necessary to start a fire." Confusing and unfairly prejudicial. Ford later determined that 2 amp fuse, which was eventually used in the service procedure for Recall 05S28 would interrupt the process that can lead to a fire—and that 5 amp fuse would too. | | OVERRULED |
| 5:11 – 11:19 | 8:16 - 8:21 | Refers to "assembly" of investigation team following notice by NHTSA of "underhood fires" but no reference to limitation to Panther platform/Lincoln Town Cars. | | OVERRULED |
| 5:11 – 11:19 | 9:17 - 10:8 | 99S15/Panther. Investigation re 99S15 and focus on incident involving the "Memphis switch." No reference to limitation to Panther platform/Lincoln Town Cars. | | OVERRULED |

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULLING |
|---|---|---|---|---|
| | | | 11:20 – 13:12 CONDITIONAL if above testimony allowed. | |
| 13:13 – 14:7 | 13:13 – 14:7 | 99S15/Panther. See above. | | OVERRULED |
| 14:24 – 18:25 | 14:24 – 18:25 | 99S15/Panther. See above. | | OVERRULED |
| 14:24 – 18:25 | 16:24 - 17:8 | Refers to switches "involved in thermal events." No reference to limitation to Panther platform/Lincoln Town Cars. | | OVERRULED |
| | | | 19.1 - 21:17 21:23 – 22:11 CONDITIONAL if above testimony allowed. | |
| 22:12 – 24:11 | 23:4 – 24:11 | 99S15/Panther. See above. | 24:12 – 25:8 CONDITIONAL | OVERRULED |
| 26:17 – 27:20 | 26:17 – 27:20 | 99S15/Panther. See above. | 27:21 – 27:25 CONDITIONAL if allow designated testimony. | OVERRULED |

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULING |
|---|---|---|---|---|
| 28:1 – 31:7 | 29:12 – 31:7 | Answers company not able to determine "amp range" that "wouldn't cause a fire." Confusing and unfairly prejudicial. Ford later determined that 2 amp fuse, which was eventually used in the service procedure for Recall 05S28 would interrupt the process that can lead to a fire—and that 5 amp fuse would too. | | OVERRULED |
| 28:1 – 31:7 | 28:1 – 31:7 | 99S15/Panther. See above. | | OVERRULED |
| | | | 38:19 - 40:12 CONDITIONAL | |
| 40:13 – 40:15 | 40:13 – 40:15 | 99S15/Panther. See above. | | OVERRULED |
| | | | 44:12 - 45:13 CONDITIONAL | |
| | | | 48:16 - 49:1 CONDITIONAL | |
| 49:2 – 49:6 [assume this should be 49:7] | 49:2 – 49:6 [assume this should be 49:7] | 99S15/Panther. See above. | | OVERRULED The Court agrees that the designation should end at 49:7 |
| 50:7 (at "The root cause") – 50:20 | 50:7 (at "The root cause") – 50:20 | 99S15/Panther. See above. | 50:21 – 53:23 CONDITIONAL if allow designated testimony. | OVERRULED |

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULLING |
|---|---|---|---|---|
| | | | 70:13 - 71:7<br><br>71.9 - 72:3 CONDITIONAL | |
| 81:8 – 82:13 | 81:8 - 82:13 | Object to exhibit referenced. Exhibit 5, May 1999, Field Review Committee. 99S15. Hearsay. Not a business record. See prior testimony, which was not designated at 57 regarding its draft status. No foundation. Confusing and unfairly prejudicial because Mr. Porter is asked if document has been updated. There are later versions of the 14D. | | OVERRULED |
| 81:8 – 82:13 | 81:8 - 82:13 | 99S15/Panther. See above. | | OVERRULED |
| | | | 118:5 – 119:10 CONDITIONAL | |
| | | | 122:17 123:1 | |
| | | | 132:1 - 132:14 CONDITIONAL | |
| | | | 139:1 - 140:10 CONDITIONAL | |
| 148:15 – 148:18 | 148:15 – 148:18 | 99S15/Panther. See above. | 148:19 – 149:5 CONDITIONAL | OVERRULED |
| | | | 185:6 - 186:1 CONDITIONAL | |

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULLING |
|---|---|---|---|---|
| | | | 186:5 - 186:18 CONDITIONAL | |
| 190:4 – 193:15 | 190:4 – 193:15 | 99S15/Panther. See above. | | **OVERRULED** |
| 190:4 – 193:15 | 192:2 - 192:10 | Objection to form and argumentative Q&A. And includes objection from counsel. | | **SUSTAINED** |
| 196:6 – 196:15 | 196:6 – 196:15 | 99S15/Panther. See above. | | **OVERRULED** |
| | | | 196:16 - 197:13 CONDITIONAL | |
| | | | 198:11 - 199:7 CONDITIONAL | |
| | | | 206:16 - 207:9 CONDITIONAL | |
| 207:10 – 208:4 | | 99S15/Panther. See above. | | **OVERRULED** |
| | | | 255:17 – 256:18 CONDITIONAL | |
| | | | 263:6 – 264:7 264:22 – 265:11 CONDITIONAL | |
| 267:10 – 270:21 | 267:10 – 270:21 | 99S15/Panther. See above. | | **OVERRULED** |

**EXHIBIT B**
**Fred Porter, November 16, 2000**

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULING |
|---|---|---|---|---|
| | | | 7:21 - 8:11 CONDITIONAL | |
| | | | 10:5 - 10:20 CONDITIONAL | |
| | | | 12:5 - 12:8 CONDITIONAL | |
| | | | 14:25 – 15:2<br>16:4 – 16:11<br>16:19 – 17:1 CONDITIONAL | |
| | | | 17:14 – 18:4 CONDITIONAL if allow testimony below at 18:17. | |
| 18:17 – 19:3 | 18:17 – 19:3 | Question seeks correlation of the engineering specification which includes impulse cycles to vehicle miles with a suggestion a switch that fails in a particular vehicle before a certain mileage (225,000 miles) is defective. Not relevant, confusing and unfairly prejudicial, including because there is no manufacturing claim in this case. See Ford's motion for summary judgment and Court's order regarding same. | | SUSTAINED |
| | | | 20:4 - 20:7 CONDITIONAL if allow testimony above at 18:17. | |
| | | | 28:5 – 28:21 CONDITIONAL | |

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULING |
|---|---|---|---|---|
| 43:1 – 43:2<br>43:6 – 43:9<br>44:6 – 44:11<br>48:8 – 49:14<br>49:18 – 50:2 | 43:1 – 43:2<br>43:6 – 43:9<br>44:6 – 44:11<br>48:8 – 49:14<br>49:18 – 50:2 | Objection to Ex. 12. Hearsay. Not a business record. All of the designated testimony is improperly based on reading or assuming content of the document. However, Ex. 12 is two pages of handwritten notes. In the revised designations, Plaintiff removed the testimony where, regarding the first page, Mr. Porter thought "some of that" looked like his handwriting, but not all. Also did not include in the revised designations that he could not identify the handwriting on the second page (other than the last line)—or even whose diary it was from. Lack of foundation for admission or use of this document, including specific observations of the witness regarding his inability to identify handwriting or context for what was written (see, e.g., 43:11 ("I'm not sure whose notes they are."), 43:16-43:18, 43:22-44:2, 44:18-19, 45:4-45:23, 47:12-47:17, 49:9-49:10, 50:3-50:8, 52:11 - 52:22 ("Can you read that for us? A: Not really."), and 53:1-53:11). | 43:10 – 44:2 CONDITIONAL if testimony regarding this exhibit is allowed. | **SUSTAINED, see below** |
| 43:1 – 43:2<br>43:6 – 43:9<br>44:6 – 44:11<br>48:8 – 49:14<br>49:18 – 50:2 | 43:1 – 43:2<br>43:6 – 43:9<br>44:6 – 44:11<br>48:8 – 49:14<br>49:18 – 50:2 | 99S15/Panther. See above. | | **SUSTAINED,** |
| 70:13 – 72:24 | 70:13 – 72:24 | Objection to Ex. 19. Email, which is hearsay. Not a business record. Addresses discussion during 99S15 investigation regarding whether brake fluid was conductive. Not relevant and manner in which conducts is not disputed. Confusing because of timing, confusing and unfairly prejudicial, including because it asks about "disagreement" via supplier. | | **SUSTAINED, see below** |
| 70:13 – 72:24 | 70:13 – 72:24 | 99S15/Panther. See above. | | **SUSTAINED** |
| 73:13 – 76:1 | 73:13 – 76:1 | 99S15/Panther. See above. | | **OVERRULED** |

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULING |
|---|---|---|---|---|
| 86:22 – 88:21 | 86:22 – 88:21 | 99S15/Panther. See above. | | **OVERRULED** |
| 86:22 – 88:21 | 86:22 – 88:21 | 99S15/Panther. See above. | | **OVERRULED** |
| 89:3 – 91:24<br>92:8 – 94:10<br>97:21 – 98:11<br>101:21 – 102:4<br>104:8 – 106:7 | 89:3 – 91:24<br>92:8 – 94:10<br>97:21 – 98:11<br>101:21 – 102:4<br>104:8 – 106:7 | Objection to Ex. 24. Email from Charlie Douglas/TI to others at TI which purports to summarize interactions with Ford and status of the investigation related to Recall 99S15. This is not a Ford document. Witness is not the author or recipient of the document. Hearsay. No foundation for its admission. Offered for truth of various statements in the document. Counsel is interpreting the document but witness lacks foundation ("A: Everything you have read so far has been accurate as speculation…."). <br><br>Near the end of the questioning regarding this document, in an undesignated portion, the witness is asked if anything in the document is not accurate—"A: I wouldn't be able to say one way or another." (104:9-104:13.) | CONDITIONAL if allow this testimony:<br><br>94:13 - 94:22<br><br>104:9 – 104:13 | **SUSTAINED, see below** |
| 89:3 – 91:24<br>92:8 – 94:10<br>97:21 – 98:11<br>101:21 – 102:4<br>104:8 – 106:7 | 89:3 – 91:24<br>92:8 – 94:10<br>97:21 – 98:11<br>101:21 – 102:4<br>104:8 – 106:7 | 99S15/Panther. See above. Also at 90:17 includes references to "fires," "reports," and "incident [sic] Memphis" related investigation for Recall 99S15, but no limitation to Panther platform/Lincoln Town Cars and necessarily suggests other incidents without a showing of substantial similarity. | | **SUSTAINED** |
| 106:17 – 109:25<br>110:13 – 112:12 | 106:17 – 109:25<br>110:13 – 112:22 | Objection to Ex. 25, fax from Beringhause, TI employee to Porter. Hearsay, offered for the truth—i.e., similar to prior document, witness is asked to confirm if various statements are correct. He agrees with some, not others. | 112:13 – 112:22<br>CONDITIONAL | **SUSTAINED, see below** |
| 106:17 – 109:25<br>110:13 – 112:22 | 106:17 – 109:25<br>110:13 – 112:22 | 99S15/Panther. See above. | | **SUSTAINED** |
| 118:9 – 119:10<br>120:17 – 121:6 | 118:9 – 119:10<br>120:17 – 121:6 | Designated testimony goes back to 112:25 where Ex. 26 was identified. Ex. 25 is an email from Rahman, TI employee to others at TI purporting to summarize events and a | CONDITIONAL<br>119:11 – 120:7<br><br>121:7 – 121:18 | **SUSTAINED, see below** |

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULING |
|---|---|---|---|---|
| 122:15 – 123:3<br>127:14 – 128:22 | 122:15 – 123:3<br>127:14 – 128:22 | technical review in connection with the investigation related to Recall 99S15. Witness is not identified as an author or recipient. Question assumes content and purpose of the document: However, the author of the document has no foundation for observations: "He's reporting on what he heard happened at the meeting." 121:15-121:18. Similarly at 116:7-116:8. Witness is not sure he attended the meeting ("I probably did." 113:23). Regarding the author and document: "What he's reporting on is what he heard happened … this is not firsthand knowledge that he's reporting on." (121:16-121:18.) Plaintiff removed designations until 118:9, but without the hearsay/no foundation document, the questions make no sense. See also 118:5-118:8 describing "a very urgent need" from the document and at 120:18 regarding a "considerable concern" and at 121:1 regarding "strong feelings"—i.e., the document is used to characterize alleged observations/improperly for the truth of these characterizations by TI. Witness agrees with certain statements, but not the entire document or its use in this manner. Later designation includes Q&A that includes "raft"—a word used in the document—but the witness is asked what it means, witness says "that his [author's] word." (123:6). For example, document also includes reference to a later meeting with the witness, but witness does not recall the meeting. Asked to "defer" to the document for its purported summary of the meeting (which is not discussed)—"I may." (112:2-112:14.) Similar issue regarding document's assertion about another meeting. ("I don't know for sure—this is his statement." (129:15-130:9.) No ability for this witness to provide a foundation for this document's admission or use. Multiple levels of hearsay. | 123:4 – 123:6<br>123:25 (at "I will") - 124:15<br>126:11 – 127:11 | |
| 118:9 – 119:10<br>120:17 – 121:6<br>122:15 – 123:3<br>127:14 – 128:22 | 118:9 – 119:10<br>120:17 – 121:6<br>122:15 – 123:3<br>127:14 – 128:22 | 99S15/Panther. See above. | | **SUSTAINED** |

Case No. 2:16-cv-68

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULING |
|---|---|---|---|---|
| 131:24 – 132:15 | 131:24 – 132:15 | Objection to Ex. 27, which is email from Beringhause/TI to the witness. Hearsay. Witness agreeing that he received and reviewed a document "similar to this" is not a sufficient foundation for its use or admission. | | **SUSTAINED, see below** |
| 131:24 – 132:15 | 131:24 – 132:15 | 99S15/Panther. See above. | | **SUSTAINED** |
| 138:9 – 138:16 139:2 – 139:13 141:22 – 142:2 144:5 – 145:15 147:8 – 147:16 | 138:9 – 138:16 139:2 – 139:13 141:22 – 142:2 144:5 – 145:15 147:8 – 147:16 | Objection to Ex. 29. Email string including one from Deepak Goel to the witness. Hearsay. Refers to a meeting and used statement purportedly made at the meeting (hearsay within hearsay). Witness' awareness is limited to "this memo" and states first time he was aware of it. (139:10-13.) Offered for truth. Other, similar issues regarding witness' ability to answer/agree with assertions (e.g., "You'd have to ask him." 139:21). Exhibit also includes an attached workplan but witness does not know who created it. (141:22-142:5.) No foundation for its admission or use by this witness. | | **SUSTAINED, see below** |
| 138:9 – 138:16 139:2 – 139:13 141:22 – 142:2 144:5 – 145:15 147:8 – 147:16 | 138:9 – 138:16 139:2 – 139:13 141:22 – 142:2 144:5 – 145:15 147:8 – 147:16 | 99S15/Panther. See above. | | **SUSTAINED** |
| 180:1 – 182:17 | 180:1 – 182:17 | Objection to Ex. 34. Witness does not know who was responsible for the document. Offered for truth, but only discusses a variety of potential actions and witness specifically responded regarding whether it was accurate only that "given the information we had at that time yes." (181:10-181:11.) Interim with potential for confusion. Hearsay. | 182:18 – 183:22 CONDITIONAL if allow regarding Ex. 34. | **SUSTAINED, see below** |
| 180:1 – 182:17 | 180:1 – 182:17 | 99S15/Panther. See above. | | **SUSTAINED** |

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULING |
|---|---|---|---|---|
| 183:25 – 186:1 | 183:25 – 186:1 | Objection to Ex. 35. Email string, not authored by witness, portion of which was sent to the witness. Hearsay. No foundation provided by witness for its admission. | | **SUSTAINED, see below** |
| | | | 186:2 – 186:9 CONDITIONAL if allow Ex. 34 designations. | |
| | | | 186:10 – 187:18 CONDITIONAL if allow regarding Ex. 35. | |
| 183:25 – 186:1 | 183:25 – 186:1 | 99S15/Panther. See above. | | **SUSTAINED** |
| 188:15 – 189:10 | 188:15 – 189:10 | 99S15/Panther. See above. | 189:11- 192:21 194:18 – 195:9 CONDITIONAL | **SUSTAINED** |
| 195:15 – 196:21 | 195:15 – 196:21 | Objection to Ex. 37. Last email in string is 3/13/99 which is from McGuirk/TI to others at TI. Hearsay. No foundation. This is an internal TI email that purports to comment on list described in Ex. 36 above and conclude what Ford "really like[d]." Multiple levels of hearsay. No foundation. Offered for the truth of assertion regarding proposals identified in Ex. 36. | 196:22 - 197:3 CONDITIONAL | **SUSTAINED, see below** |
| 195:15 – 196:21 | 195:15 – 196:21 | 99S15/Panther. See above. | | **SUSTAINED** |
| 198:6 – 201:6 | 198:6 – 201:6 | Objection to Ex. 38. 3/15/99 email from B. Pease, not the witness, on which the witness was copied. Hearsay. No foundation for its admission. | 201:7 – 201:23 CONDITIONAL | **SUSTAINED, see below** |

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULING |
|---|---|---|---|---|
| 198:6 – 201:6 | 198:6 – 201:6 | 99S15/Panther. See above. | | **SUSTAINED** |
| 202:9 – 204:20 | 202:9 – 204:20 | Objection to Ex. 39. Fax with schematic sent to the witness apparently prepared by Micros Corp., but witness was not sure. (203:2-203:9.) Hearsay. No foundation for its admission. | | **SUSTAINED, see below** |
| 202:9 – 204:20 | 202:9 – 204:20 | 99S15/Panther. See above. | | **SUSTAINED** |
| 206:8 – 206:9<br>206:22 – 207:4<br>207:19 – 208:2<br>208:21 – 209:5 | 206:8 – 206:9<br>206:22 – 207:4<br>207:19 – 208:2<br>208:21 – 209:5 | Objection to Ex. 40. Draft 14D from 5/3/99. Hearsay. Also incomplete foundation as witness cannot identify signatures and extensive edits and other markings on the document (e.g., 206:8-206:11, 207:5-207:11, 212:22-212:25, 212:1-212:4). New designations deleted all of the witness' uncertainty and inability to lay a foundation for this document. As discussed, document describes a preliminary service procedure (relay) that was rejected. Not relevant, confusing and unfairly prejudicial. | 206:9 – 206:21<br>207:5 – 207:19<br>225:24 - 226:6<br>CONDITIONAL | **SUSTAINED, see below** |
| 206:8 – 206:9<br>206:22 – 207:4<br>207:19 – 208:2<br>208:21 – 209:5 | 206:8 – 206:9<br>206:22 – 207:4<br>207:19 – 208:2<br>208:21 – 209:5 | 99S15/Panther. See above. | | **SUSTAINED** |
| 208:21 – 209:5 | 208:21 – 209:5 | Objection to Ex. 41. No foundation for its admission identified in the testimony. See connection to Ex. 27 and conditional cross designations at 281:2. | | **SUSTAINED, see above** |
| 210:8 – 212:1<br>213:5-213:19 | 210:8 – 212:1<br>213:5-213:19 | 99S15/Panther. See above. | | **SUSTAINED** |

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULING |
|---|---|---|---|---|
| | | | 227:9 – 228:7<br>230:9 – 230:15<br>CONDITIONAL | |
| | | | 230:24 - 231:6<br>231:8 – 231:8<br>231:23 – 232:9<br>CONDITIONAL | |
| 240:14 – 241:4 | 240:14 – 241:4 | 99S15/Panther. Asks about communications with NHTSA in connection with 99S15. | | **OVERRULED** |
| 241:10 – 242:19 | 241:10 – 242:19 | 99S15/Panther. Asks about investigation that led to Recall 99S15. | 242:20 – 243:11<br>CONDITIONAL | **OVERRULED** |
| | | | 246:13 (at "What's) – 247:21<br>CONDITIONAL | |
| | | | 252:23 - 252:25 (to "about")<br>CONDITIONAL if allow Ex. 12 (see 43:1 above). | |
| 254:2 – 254:15<br>254:23 – 255:16<br>255:19 – 256:14 | 254:2 – 254:15<br>254:23 – 255:16<br>255:19 – 256:14 | Questions based on Ex. 12. See objections at 43:1 above. | | **OVERRULED** |
| 254:2 – 254:15<br>254:23 – 255:16<br>255:19 – 256:14 | 254:2 – 254:15<br>254:23 – 255:16<br>255:19 – 256:14 | 99S15/Panther. See above. | | **OVERRULED** |
| | | | 256:23 - 257:23<br>CONDITIONAL | |
| | | | 257:24 – 258:2<br>258:4 – 258:5<br>258:13 – 258:19<br>259:9 – 259:19 | |

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULING |
|---|---|---|---|---|
| | | | CONDITIONAL | |
| | | | 267:23 – 268:4<br>268:6 – 268:13<br>269:12 – 270:21 | |
| | | | 272:1 - 272:9<br>272:11 - 273:11<br>CONDITIONAL if allow Ex. 24. | |
| | | | 274:6 - 274:22<br>274:24 – 275:14<br>CONDITIONAL | |
| | | | 276:1 – 276:11<br>CONDITIONAL | |
| | | | 281:2 – 284:25<br>CONDITIONAL if allow Ex. 27. | |
| | | | 285:1 - 286:1<br>CONDITIONAL | |
| | | | 286:2 – 288:6<br>CONDITIONAL if allow Ex. 17. | |

**EXHIBIT C**
**Fred Porter, November 17, 2000**

| Plaintiff's Designation(s) Page:Line | Defendant's Objection(s) Page:Line | Defendant's Objection(s) | Defendant's Counter Designation(s) | COURT'S RULING |
|---|---|---|---|---|
| | | | 12:9 - 12:19 CONDITIONAL | |
| | | | 26:22 - 27:6 CONDITIONAL | |
| | | | 31:13 – 31:24 CONDITIONAL if allow designations regarding ABS and traction control system. | |
| | | | 41:15 - 42:10 CONDITIONAL if allow designations regarding DFMEA below. | |
| 44:17 – 49:21 | 44:17 – 49:21 | Objection to Ex. 45. DFMEA. TI document. Not complete. Discussion relates to evaluation in the context of Panther switches and Recall 99S15. As described above, given the timing of the deposition, unnecessary potential for confusion and unfair prejudice. | 49:22 – 51:5 51:11 – 52:3 53:14 – 54:10 CONDITIONAL | SUSTAINED |
| | | | 87:11 - 88:11 CONDITIONAL if allow designations regarding investigations of fires and reasons for 99S15 recall. | |
| | | | 104:25 - 105:10 CONDITIONAL | |
| | | | 120:3 - 120:19 CONDITIONAL | |
| | | | 123:21 – 124:20 CONDITIONAL | |